UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL FORTIER,

         Plaintiff,

   v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

         Defendant.

CASE NO. 3:17-CV-05490-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Daniel Fortier filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

The Court finds the Administrative Law Judge ("ALJ") failed to consider the opinion of Drs. James Davison, Ph.D. and Lauren Hollrah, Ph.D. when finding Plaintiff not disabled. Had the ALJ given great weight to these two opinions, the residual functional capacity ("RFC") assessment may have included additional limitations. The ALJ's error is therefore not harmless,

and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On January 22, 2015, Plaintiff filed an application for DIB, alleging disability as of January 14, 2013. *See* Dkt. 7, Administrative Record ("AR") 98. The application was denied upon initial administrative review and on reconsideration. *See* AR 98. A hearing was held before ALJ Cynthia Rosa on August 25, 2016. *See* AR 122-48. In a decision dated January 31, 2017, the ALJ determined Plaintiff was not disabled. *See* AR 98-116. On February 27, 2017, Plaintiff amended his disability onset date to April 15, 2015. AR 8. Plaintiff sought review of the ALJ's decision and submitted new evidence, including evaluations completed by Drs. James Davison, Ph.D. and Lauren Hollrah, Ph.D, to the Appeals Council. *See* AR 10-14. The Appeals Council considered the new evidence and denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *See* AR 149-51; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains: (1) the administrative record, including an evaluations completed by Drs. Davison and Hollrah, fails to provide substantial evidence to support the ALJ's decision to deny disability benefits; (2) the ALJ improperly discounted Plaintiff's subjective claims; and (3) the ALJ erred at Step 5 of the sequential evaluation process. *See* Dkt. 11, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ's decision is supported by substantial evidence in light of the new evidence submitted to the Appeals Council and included in the administrative record.**

On July 28, 2016, Dr. Davison completed a Review Evaluation of Traumatic Brain Injury (R-TBI) Disability Benefits Questionnaire and a Review Post Traumatic Stress Disorder (PTSD) Disability Benefits Questionnaire of Plaintiff. AR 3389-3406. On August 5, 2016, Dr. Hollrah treated Plaintiff. *See* AR 3506-13. Dr. Hollrah's progress notes include opinions regarding Plaintiff's limitations and ability to work. *See id*. Dr. Davison's evaluations and Dr. Hollrah's findings were not submitted to the ALJ, but were submitted to the Appeals Council. *See* AR 10-33, 152-53. The Appeals Council considered the evaluations and medical records and found the new evidence did not provide a basis for changing the ALJ's decision. AR 150. Plaintiff argues the ALJ's decision finding Plaintiff not disabled in not supported by substantial evidence in light of the evidence submitted to the Appeals Council. Dkt. 11, pp. 4-11.

When the Appeals Council considers new evidence in denying review of the ALJ's decision, "the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence" and free of legal error. *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012); *Taylor v. Commissioner of Social Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). As Dr. Davison's evaluations, Dr. Hollrah's progress notes, and other medical records were considered by the Appeals Council, the Court must consider this evidence in determining if the ALJ's decision is supported by substantial evidence and free of legal error.

Dr. Davison completed a traumatic brain injury ("TBI") evaluation of Plaintiff, wherein he found Plaintiff's judgment is moderately/severely impaired, his social interactions are inappropriate most or all of the time, and his visual and spatial orientation is moderately/severely impaired. AR 3390-93. He also determined Plaintiff is consistently disoriented to two or more of the four aspects (person, place, time, situation) of orientation and found Plaintiff has one or more neurobehavioral effects that interfere with or preclude workplace and/or social interactions on most days or that occasionally requires supervision for safety. AR 3391-92. Dr. Davison opined that "[s]even (7) of the eight (8) reported residual conditions (i.e. motor dysfunction; sensory dysfunction; hearing loss and/or tinnitus; visual conditions; alteration of sense of smell or taste; gait, coordination, and balance; and headaches, including migraine headaches) significantly impact the claimant's ability to substantially and reliably attend to, organize, and follow through to completion assigned work activities." AR 3395. In the PTSD evaluation, Dr. Davison stated Plaintiff's executive functioning "(i.e., attentional control, inhibitory control, working memory, cognitive flexibility, problem solving, and planning)" is significantly compromised. AR 3405. He found Plaintiff is not capable of managing his own finances. AR 3404.

On August 5, 2016, Dr. Hollrah examined Plaintiff. *See* AR 3506. She completed a mental status examination of Plaintiff and reviewed previous treatment records. *See* AR 3507. Dr. Hollrah noted Plaintiff was disabled by pain. AR 3510. She found he had minimal functioning in activities of daily living and Plaintiff reported he could only walk one hundred yards at one time. AR 3511. Dr. Hollrah found Plaintiff is experiencing moderate levels of depression and anxiety and has minimal functioning. AR 3512.

The Court notes additional treatment records from Drs. John Bokan, M.D. and Bernard Canlas, M.D. are also included in the records. *See* AR 3500-06. These notes provide information regarding Plaintiff's treatment and diagnoses, but do not contain functional limitations.

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Defendant argues the ALJ's decision should be affirmed because the opinions of Drs. Davison and Hollrah and Dr. Bokan's treatment note can be properly disregarded. *See* Dkt. 19, pp. 7-11. But, the opinions of Drs. Davison and Hollrah and the treatment notes of Drs. Bokan and Canlas were not submitted to the ALJ and the ALJ did not provide any reasons for discounting this evidence in her decision, which is the final decision of the Commissioner. *See* AR 98-116. Further, the Appeals Council did not provide any specific, legitimate reasons for discounting the evidence. *See* AR 150. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)). As the ALJ did not consider the opinions of Drs. Davison and Hollrah or the treatment notes of Drs. Bokan and Canlas, the Court is not persuaded by Defendant's assertion that the opinions and evidence can be disregarded.

Under *Brewes*, the Court must review the entire record, including the opinions of Drs. Davison and Hollrah and the treatment notes of Drs. Bokan and Canlas, when determining if the Commissioner's decision is supported by substantial evidence and free of legal error. As the ALJ did not consider the new opinions or treatment notes when finding Plaintiff was not disabled, the final decision of the Commissioner is erroneous. *See Ramirez v. Shalala*, 8 F.3d 1449, 1453-54 (9th Cir. 1993) (finding the ALJ's and the Appeals Council's failure to provide any reason for disregarding a physician's opinion submitted to the Appeals Council was improper).[1]

An error is harmless if it is not prejudicial to Plaintiff or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Here, in assessing the RFC, the ALJ found Plaintiff can perform simple, routine tasks; have no public contact; and have occasional, superficial coworker contact. AR 103. Had the ALJ given the evidence submitted to the Appeals Council great weight, she may have included additional limitations in the RFC. For example, if the ALJ had given great weight to Dr. Davison's opinions, Plaintiff may have been limited in his ability to substantially and reliably attend to, organize, and follow through to completion assigned work activities and limited in areas of executive functioning. *See* AR 3395, 3405. As the ALJ did not properly consider the medical evidence and opinions of Drs. Davison and Hollrah, which were submitted to the Appeals Council, or include limitations in the RFC which are consistent with the opinions, the RFC is defective. *See Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical

---

[1] Defendants also asserts *Brewes* creates policy issues regarding the finality of the ALJ's decision. Dkt. 19, pp. 6-7. Defendant, however, does not assert, nor does the Court find, *Brewes* is inapplicable in this case.

questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

In summation, the ALJ did not consider the opinions of Drs. Davison and Hollrah or include limitations in the RFC which are consistent with these opinions. Further, the ALJ did not consider additional medical evidence, including the treatment notes of Drs. Bokan and Canlas. Therefore, the Court finds the ultimate disability determination may change if the ALJ properly considers the opinions of Drs. Davison and Hollrah and the additional medical evidence submitted to the Appeals Council and included in the record. Accordingly, remand is necessary to allow the ALJ to reconsider the entire record at each step of the sequential evaluation process.[2]

**II.     Whether the case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 11, pp. 1-2, 13. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the

---

[2] Plaintiff asserts evidence submitted to the Appeals Council gives credence to Plaintiff's subjective symptom testimony. Plaintiff also argues, in one sentence, that the ALJ's errors resulted in an incomplete RFC and hypothetical question. Dkt. 11, pp. 11-13. The Court agrees and has remanded the case for the ALJ to reconsider this entire matter in light of the new evidence submitted to the Appeals Council.

record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate this entire matter in light of significant, probative evidence that was submitted to the Appeals Council, but not properly considered. The ALJ must reexamine the medical opinion evidence, Plaintiff's symptom testimony, and the testimony of the lay witness to determine if Plaintiff is capable of performing jobs existing in significant numbers in the national economy. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reason, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 20th day of February, 2018.

_____
David W. Christel
United States Magistrate Judge