# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DANIEL FORTIER,

        Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. 3:17-CV-05490-DWC

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT

On February 20, 2018, the Court determined the ALJ erred in determining Plaintiff was not disabled and reversed and remanded Defendant's decision to deny Plaintiff's application for disability insurance benefits. Dkt. 21. The Court entered judgement for Plaintiff on the same date. Dkt. 22. Presently before the Court is Defendant's Motion to Alter or Amend Judgment Under Fed. R. Civ. P 59(e) ("Motion").[1] Dkt. 15. Defendant argues the Court should alter the

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

judgment and affirm Defendant's decision to deny benefits because the Court's decision is based on a clear error of law. *Id.* at p. 2.

The Court may alter or amend a judgment under Rule 59(e) where the Court has committed clear error. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

Here, Defendant essentially argues the Court committed clear error of law because the Court failed to consider the entire record when determining the ALJ erred in failing to consider significant, probative evidence submitted to the Appeals Council and included in the Administrative Record. Dkt. 23.

The Court determined Plaintiff submitted new evidence to the Appeals Council following the ALJ's decision finding Plaintiff not disabled. *See* Dkt. 21. Under *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012), the Court was required to determine if the ALJ's decision was supported by substantial evidence in light of the record as a whole, including the new evidence submitted to the Appeals Council. *See* Dkt. 21, p. 3. The new evidence submitted to the Appeals Council included medical opinions and treatment notes that had not been considered by the ALJ. *See id*. at pp. 4-5. When reviewing the record as a whole, the Court determined the ALJ failed to consider this significant, probative evidence and that her decision, including the weight given to the medical opinion evidence and Plaintiff's subjective symptom testimony, may have changed had she reviewed all the evidence in the record. *See id*. at pp. 6-7. Thus, the Court found this matter must be remanded to the Commissioner for the ALJ to consider the record as a whole, including the evidence submitted to the Appeals Council and included in the record.

In reaching its decision, the Court considered the record as a whole and determined significant, probative evidence exists that could change the ultimate disability decision. *See* Dkt. 21. Therefore, Defendant has failed to show the Court committed clear legal error.[2] Accordingly, Defendant's Motion (Dkt. 23) is denied.

Dated this 13th day of April, 2018.

David W. Christel
United States Magistrate Judge

---

[2] In asserting the Court failed to consider the record as a whole, Defendant argues the Court erred by requiring the Appeals Council to provide reasons for giving little weight to the new evidence. Dkt. 23. Defendant's assertion is misguided. The Court merely noted that there were no reasons provided by the Appeals Council, in which the Court could attempt to glean a reason for finding the new evidence did not change the ALJ's decision. Defendant also argues the Court erred by failing to consider reasons in the record showing the ALJ would have discounted the new evidence. Dkt. 23. The Court finds no reason to alter the rationale provided in the Order. *See* Dkt. 21. Defendant has not shown that, because the ALJ may be able to provide the reasons given by Defendant for discounting the new evidence, the ALJ will discount the new evidence when considering the record as a whole.